IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LISA STARCHER, #181 693 | * | |
| Petitioner, | * | |
| v. | * | 2:09-CV-471-ID |
| | | (WO) |
| CYNTHIA WHEELER-WHITE, WARDEN, *et al.*, | * | |
| | * | |
| Respondents. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus filed by Petitioner, Lisa Starcher, on May 19, 2009.[1] In this petition, Petitioner challenges matters associated with the 2004 conviction and sentence on two counts of possession of a forged instrument in the second degree entered against her by the Circuit Court for Etowah County, Alabama.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within

---

[1] Although the Clerk of this court stamped the present petition "filed" on May 21, 2009, Petitioner signed the petition on May 19, 2009. Although Petitioner indicates in her petition that she certified the petition for mailing on May 25, 2009, the petition was received in this court prior to such date and, therefore, for purposes of this Recommendation, the court considers May 19, 2009 as the date of filing. *See Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner seeks to challenge matters associated with her conviction and sentence imposed in 2004 by the Circuit Court for Etowah County, Alabama. Etowah County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to the Northern District for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 14, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] In transferring the instant case, this court makes no determination regarding the merits of Petitioner's claim for relief nor whether she has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

[3] Petitioner has filed an affidavit in support of a request for leave to proceed *in forma pauperis*. Under the circumstances of this case, however, decisions related to Petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of June, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE